## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SCOTT EDWARD MCMANNES,

     Plaintiff,

-vs-

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; CAPITAL COMMUNITY BANK;
GOLDMAN SACHS BANK USA;
JPMORGAN CHASE BANK, N.A.;
PROCOLLECT, INC.; and WELLS
FARGO BANK, N.A.,

     Defendants.

Case No.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SCOTT EDWARD MCMANNES (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); CAPITAL COMMUNITY BANK (hereinafter "CC Bank"); GOLDMAN SACHS BANK USA (hereinafter "GS Bank"); JPMORGAN CHASE BANK, N.A. (hereinafter "Chase"); PROCOLLECT, INC. (hereinafter "ProCollect"); and WELLS FARGO BANK, N.A. (hereinafter "Wells Fargo") (hereinafter collectively "Defendants"), and in

1

support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## **PRELIMINARY STATEMENT**

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

2

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of St. Johns County, Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     CC Bank is an FDIC insured state-chartered bank headquartered at 3280 N. University Avenue in Provo, Utah 84604 that upon information and belief conducts business in the State of Florida.

20.     CC Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     CC Bank furnished information about Plaintiff to the CRAs that was inaccurate.

22.     GS Bank is a corporation with its principal place of business in the State of New York and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

23.     GS Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.     GS Bank furnished information about Plaintiff to the CRAs that was inaccurate.

25.     Chase is a corporation with its principal place of business in the State of New York and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

26.     Chase is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.     Chase furnished information about Plaintiff to the CRAs that was inaccurate.

28.     ProCollect is a corporation with its principal place of business in the State of Texas and is authorized to do business in the State of Florida through its registered agent, Registered Agent Solutions, Inc., located at 2894 Remington Green Lane, Suite A, Tallahassee, Florida 32308.

29.     ProCollect is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

30.     ProCollect furnished Plaintiff's information to the CRAs which was inaccurate.

31.     Wells Fargo is an FDIC insured national bank headquartered at 420 Montgomery Street in San Francisco, California 94104 that upon information and belief conducts business in the State of Florida.

32.    Wells Fargo is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

33.    Wells Fargo furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

34.    Plaintiff is a natural person who is alleged to owe a debt to multiple accounts that do not belong to him and for which Plaintiff never applied or gave permission to anyone to apply using his information.

35.    Upon information and belief, Plaintiff is a victim of identity theft.

36.    In or about 2023, Plaintiff was notified that one of his accounts was closed due to a low credit score. Upon review of his credit file, Plaintiff observed five (5) accounts which did not belong to him:

    i.    CC Bank, partial account number 100011* (hereinafter "CC Bank Account");

    ii.    GS Bank, partial account number ending in x8140 (hereinafter "GS Bank Account");

    iii.    Chase, partial account number 438854* (hereinafter "Chase Account");

    iv.    ProCollect, partial account number 147050* (hereinafter "ProCollect Account"); and

    v.    Wells Fargo, partial account number 370034* (hereinafter "Wells Fargo Account");

37.    In or about December 2023, Plaintiff contacted Equifax and disputed the erroneous aforementioned accounts.

38.    On or about December 29, 2023, Plaintiff received dispute results from Equifax which stated the GS Bank Account was verified as accurate.

39.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

40.    Equifax never attempted to contact Plaintiff during the alleged investigation.

41.    Upon information and belief, Equifax notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

42.    On or about February 25, 2024, Plaintiff mailed a dispute letter to the CRAs regarding the five (5) aforementioned erroneous accounts which did not belong to him.

43.    Plaintiff mailed his dispute letter via USPS Certified Mail to Equifax (9405 8301 0935 5071 8750 62), Experian (9405 8301 0935 5071 8750 55), and Trans Union (9405 8301 0935 5071 8750 79).

44.     On or about March 9, 2024, Plaintiff received dispute results from Trans Union which stated the GS Bank Account was deleted. Plaintiff did not receive dispute results from Trans Union as to the remaining aforementioned accounts. However, upon review of his updated Trans Union credit report, Plaintiff observed the ProCollect Account continued to be reported with a comment which stated, "Account information disputed by the consumer (FCRA)".

45.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

46.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

47.     Upon information and belief, Trans Union notified ProCollect of Plaintiff's dispute. However, ProCollect failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

48.     On or about March 12, 2024, Plaintiff received dispute results and a copy of his credit report from Equifax. The dispute results only stated an inquiry from Pentagon FCU would remain on his credit report. Upon review of his credit report, Plaintiff observed the aforementioned erroneous accounts were not appearing.

49.     Despite confirmation of delivery on March 1, 2024, Plaintiff did not receive dispute results from Experian. However, upon review of his updated Experian credit report, Plaintiff observed the five (5) aforementioned accounts continued to be reported each with a comment which stated, "This account remained unchanged from our processing of your dispute".

50.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

51.     Experian never attempted to contact Plaintiff during the alleged investigation.

52.     Upon information and belief, Experian notified CC Bank of Plaintiff's dispute. However, CC Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

53.     Upon information and belief, Experian notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

54.     Upon information and belief, Experian notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

55.    Upon information and belief, Experian notified ProCollect of Plaintiff's dispute. However, ProCollect failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

56.    Upon information and belief, Experian notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

57.    On or about May 9, 2024, Plaintiff obtained copies of his credit reports from the CRAs. Upon review, Plaintiff observed personal identifying information including but not limited to a Social Security number that was incorrect and did not belong to him. Additionally, Plaintiff observed the following accounts continued to be reported or were reinserted.

| **Furnisher** | **Account** | **CRA** | **Status** |
|---|---|---|---|
| CC Bank | 100011* | Experian, Trans Union | Charge Off, Balance $1,240 |
| GS Bank | x8140 | Equifax, Experian, Trans Union | Charge Off, Balance $4,384 |
| Chase | 438854* | Experian | Charge Off, Balance $3,543 |
| ProCollect | 147050* | Experian, Trans Union | Collection on behalf of original creditor River Walk Apartments, Balance $1,086 |
| Wells Fargo | 370034* | Experian | Charge Off, $5,575 |

58.     Shortly thereafter, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 169826125. In this report, he explained that he was a victim of identity theft and that the aforementioned erroneous and fraudulent accounts had been opened under his name and were listed in his credit report.

59.     Due to the inaccurate reporting, on or about May 14, 2024, Plaintiff mailed a detailed dispute letter to each of the CRAs. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised he was a victim of identity theft, and that personal identifying information was appearing in his credit file which did not belong to him. Additionally, Plaintiff advised the aforementioned accounts did not belong to him. To confirm his identity, Plaintiff included an image of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the filing confirmation and FTC Identity Theft Report reference number, and other supporting documents.

60.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9405 8301 0935 5096 5026 53), Experian (9405 8301 0935 5096 5026 60), and Trans Union (9405 8301 0935 5096 5026 77).

61.     On or about May 22, 2024, Plaintiff received a response from Equifax which requested additional documents to verify his identity despite Plaintiff having include images of his driver's license and Social Security card in his letter.

62.     Despite confirmation of delivery on May 19, 2024, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Equifax. However, upon review of his updated Equifax credit report, Plaintiff observed the GS Bank Account continued to be reported. Further, on or about July 11, 2024, Plaintiff contacted Equifax via telephone, and the representative advised that the GS Bank Account was modified and remained on his credit report.

63.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

64.     Equifax never attempted to contact Plaintiff during the alleged investigation.

65.     Upon information and belief, Equifax notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

66.     Despite confirmation of delivery on May 18, 2024, Plaintiff did not receive dispute results or a copy of his credit report from Experian. However, upon review of his updated Experian credit report, Plaintiff observed the five (5) aforementioned accounts continued to be reported each with a comment which stated, "This account remained unchanged from our processing of your dispute". Further, on or about July 11, 2024, Plaintiff contacted Experian via telephone, and

the representative advised that the aforementioned erroneous accounts were verified as accurate.

67.   Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

68.   Experian never attempted to contact Plaintiff during the alleged investigation.

69.   Upon information and belief, Experian notified CC Bank of Plaintiff's dispute. However, CC Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

70.   Upon information and belief, Experian notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

71.   Upon information and belief, Experian notified Chase of Plaintiff's dispute. However, Chase failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

72.   Upon information and belief, Experian notified ProCollect of Plaintiff's dispute. However, ProCollect failed to conduct a reasonable investigation and

merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

73.    Upon information and belief, Experian notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

74.    Despite confirmation of delivery on May 22, 2024, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Trans Union. However, upon review of his updated Trans Union credit report, Plaintiff observed the CC Bank Account, GS Bank Account, and ProCollect Account continued to be reported. On or about July 11, 2024, Plaintiff contacted Trans Union via telephone, and the representative advised that the CC Bank Account, GS Bank Account, and ProCollect Account were verified as accurate.

75.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

76.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

77.    Upon information and belief, Trans Union notified CC Bank of Plaintiff's dispute. However, CC Bank failed to conduct a reasonable investigation

and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

78. Upon information and belief, Trans Union notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

79. Upon information and belief, Trans Union notified ProCollect of Plaintiff's dispute. However, ProCollect failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

80. On or about July 11, 2024, Plaintiff filed a second Federal Trade Commission ("FTC") Identity Theft Report, report number 174854893. In this report, he explained that he was a victim of identity theft and that the aforementioned erroneous and fraudulent accounts had been opened under his name and were listed in his credit report.

81. Due to the continued inaccurate reporting, on or about July 26, 2024, Plaintiff submitted online a detailed dispute letter to each of the CRAs. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised again that he was a victim of identity theft, and that personal identifying information was continuing to appear in his credit file which did not belong to him. Further, Plaintiff

explained the aforementioned erroneous accounts did not belong to him. To confirm his identity, Plaintiff included an image of his driver's license, Social Security card, and recent bank statement in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

82.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the fraudulent accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

83.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

84.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

85.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

        i.     Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.   Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.   Denials for new lines of credit;

v.   Apprehensiveness to apply for new credit due to the fear of rejection; and

vi.   Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

86.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

87.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

88.   Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

18

89.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

90.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

91.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

92.    Equifax violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

93.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

94.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

95.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

96.     Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

97.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

98.     Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

99.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

100.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

101.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

102.   Equifax violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

103.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.   The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

105.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff

21

his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

107.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

108.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

109.   Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

110.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

112.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Willful)

113.  Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

114.  After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

115.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

116.  Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

24

117.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

118.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

119.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

120.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

121.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

122.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

123.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

124.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

125.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

126.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, EQUIFAX

INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VI**
**Violations of 15 U.S.C. § 1681g as to**
**Defendant, Equifax Information Services LLC (Willful)**

127.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

128.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

129.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

130.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

131.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

132.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

133.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

134.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

135.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

136.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

137.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

138.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

139.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

140.   Experian violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

141.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

142.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

143.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

144.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

145.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

146.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

147.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

148.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

149.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

150.   Experian violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

151.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

152.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

153.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

154.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

155.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

156.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

157.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

158.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

159.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

160.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

161.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

162.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

163.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

164.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

165.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

166.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

167.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

164.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

165.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

166.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

167.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

168.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

169.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

170.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

171.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

172.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

173.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

36

174.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

175.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

176.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

177.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

178.   Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

179.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

180.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

181.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

182.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

38

183.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

184.    Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

185.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

186.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

187.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

188.    Trans Union violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

189.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

190.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

191.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

192.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

193.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

194.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

195.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

196.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

197.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

198.   Trans Union violated its own policies and procedures by not deleting account(s) when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

199.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

200.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

201.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

202.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

203.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

204.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

205.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

206.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

207.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

208.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, TRANS UNION

LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XVI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

209.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

210.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

211.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

212.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

213.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

214.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

215.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

45

## COUNT XVII
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, Trans Union LLC (Negligent)**

216.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

217.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

218.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

219.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

220.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

221.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

222.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XVIII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Trans Union LLC (Willful)

223.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

224.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

225.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

226.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, his credit report, or dispute results to Plaintiff.

227.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

228.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

229.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Capital Community Bank (Negligent)

230.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

231.   CC Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

232.   After receiving Plaintiff's disputes, CC Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

233.   Plaintiff provided all the relevant information and documents necessary for CC Bank to have identified that the account was fraudulent.

234.   CC Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to CC Bank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further,

even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

235.   CC Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

236.   As a direct result of this conduct, action, and/or inaction of CC Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

237.   The conduct, action, and inaction of CC Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

238.   Plaintiff is entitled to recover costs and attorney's fees from CC Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, CAPITAL COMMUNITY BANK; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Capital Community Bank (Willful)

239.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

240.   CC Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

241.   After receiving Plaintiff's disputes, CC Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

242.   Plaintiff provided all the relevant information and documents necessary for CC Bank to have identified that the account was fraudulent.

243.   CC Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to CC Bank by Plaintiff in connection with his

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

244.   CC Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

245.   As a direct result of this conduct, action, and/or inaction of CC Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

246.   The conduct, action, and inaction of CC Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

247.   Plaintiff is entitled to recover costs and attorney's fees from CC Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CAPITAL COMMUNITY BANK; award Plaintiff his attorney's

fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XXI
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Goldman Sachs Bank USA (Negligent)

248.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

249.   GS Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

250.   After receiving Plaintiff's disputes, GS Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

251.   Plaintiff provided all the relevant information and documents necessary for GS Bank to have identified that the account was fraudulent.

252.   GS Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to GS Bank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

253.   GS Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

254.   As a direct result of this conduct, action, and/or inaction of GS Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

255.   The conduct, action, and inaction of GS Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

256.   Plaintiff is entitled to recover costs and attorney's fees from GS Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, GOLDMAN

SACHS BANK USA; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XXII
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Goldman Sachs Bank USA (Willful)

257.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

258.   GS Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

259.   After receiving Plaintiff's disputes, GS Bank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

260.   Plaintiff provided all the relevant information and documents necessary for GS Bank to have identified that the account was fraudulent.

261.   GS Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to GS Bank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

262.   GS Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

263.   As a direct result of this conduct, action, and/or inaction of GS Bank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

264.   The conduct, action, and inaction of GS Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

265.   Plaintiff is entitled to recover costs and attorney's fees from GS Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, GOLDMAN SACHS BANK USA; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XXIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, JPMorgan Chase Bank, N.A. (Negligent)

266.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

267.    Chase furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

268.    After receiving Plaintiff's disputes, Chase violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

269.    Plaintiff provided all the relevant information and documents necessary for Chase to have identified that the account was fraudulent.

270.    Chase did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chase by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

271.    Chase violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

272.    As a direct result of this conduct, action, and/or inaction of Chase, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

273.    The conduct, action, and inaction of Chase was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

274.    Plaintiff is entitled to recover costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, JPMORGAN CHASE BANK, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XXIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, JPMorgan Chase Bank, N.A. (Willful)

275.    Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

276.    Chase furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

277.    After receiving Plaintiff's disputes, Chase violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

278.   Plaintiff provided all the relevant information and documents necessary for Chase to have identified that the account was fraudulent.

279.   Chase did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Chase by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

280.   Chase violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

281.   As a direct result of this conduct, action, and/or inaction of Chase, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

282.   The conduct, action, and inaction of Chase was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

283.   Plaintiff is entitled to recover costs and attorney's fees from Chase in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, JPMORGAN CHASE BANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XXV**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, ProCollect, Inc. (Negligent)**

284.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

285.   ProCollect furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

286.   After receiving Plaintiff's disputes, ProCollect violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same;

61

(iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

287.   Plaintiff provided all the relevant information and documents necessary for ProCollect to have identified that the account was fraudulent.

288.   ProCollect did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to ProCollect by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

289.   ProCollect violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

290.   As a direct result of this conduct, action, and/or inaction of ProCollect, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

291.   The conduct, action, and inaction of ProCollect was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

292.   Plaintiff is entitled to recover costs and attorney's fees from ProCollect in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, PROCOLLECT, INC.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XXVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, ProCollect, Inc. (Willful)

293.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

294.   ProCollect furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

295.   After receiving Plaintiff's disputes, ProCollect violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

296.   Plaintiff provided all the relevant information and documents necessary for ProCollect to have identified that the account was fraudulent.

297.   ProCollect did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to ProCollect by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

298.   ProCollect violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

299.   As a direct result of this conduct, action, and/or inaction of ProCollect, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

300.   The conduct, action, and inaction of ProCollect was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

301.   Plaintiff is entitled to recover costs and attorney's fees from ProCollect in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, PROCOLLECT, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **COUNT XXVII**
### **Violation of 15 U.S.C. § 1681 s-2(b) as to**
### **Defendant, Wells Fargo Bank, N.A. (Negligent)**

302.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

303.   Wells Fargo furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

304.   After receiving Plaintiff's disputes, Wells Fargo violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

305.   Plaintiff provided all the relevant information and documents necessary for Wells Fargo to have identified that the account was fraudulent.

306.   Wells Fargo did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Wells Fargo by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

307.   Wells Fargo violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

308.   As a direct result of this conduct, action, and/or inaction of Wells Fargo, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

309.   The conduct, action, and inaction of Wells Fargo was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

310.   Plaintiff is entitled to recover costs and attorney's fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual damages against Defendant, WELLS FARGO BANK, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XXVIII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Wells Fargo Bank, N.A. (Willful)**

311.   Plaintiff re-alleges and incorporates paragraphs one (1) through eighty-five (85) above as if fully stated herein.

312.   Wells Fargo furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

313.   After receiving Plaintiff's disputes, Wells Fargo violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

314.   Plaintiff provided all the relevant information and documents necessary for Wells Fargo to have identified that the account was fraudulent.

315.   Wells Fargo did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Wells Fargo by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further,

even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

316.   Wells Fargo violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

317.   As a direct result of this conduct, action, and/or inaction of Wells Fargo, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

318.   The conduct, action, and inaction of Wells Fargo was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

319.   Plaintiff is entitled to recover costs and attorney's fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, WELLS FARGO BANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate;

enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SCOTT EDWARD MCMANNES, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; CAPITAL COMMUNITY BANK; GOLDMAN SACHS BANK USA; JPMORGAN CHASE BANK, N.A.; PROCOLLECT, INC.; and WELLS FARGO BANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 26th day of July 2024.

Respectfully submitted,

*/s/ Christopher W. Legg*
Christopher W. Legg, Esq.
Florida Bar #: 0044460
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602

Office: 813-299-8537
Facsimile: 844-951-3933
Chris@theconsumerlawyers.com

***/s/ Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*